```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                         FORT MYERS DIVISION
```

JOE WAYNE JOHNSON and KAREN JOHNSON,

                Plaintiffs,

vs.                                         Case No.  2:07-cv-57-FtM-99SPC

FLORIDA DEPARTMENT OF LAW ENFORCEMENT, STEVE EMERSON, AUDREY L. JONES, BRAIN PUGH, KEVIN DURYEA, BRAIN FINLEY, JOHN GACONI, VINCE WEINER, PEGGY DUFFALA, CINDY WOOLDRIGE BAER, CIRO DOMINGUEZ and ANDY ROSE,

                Defendants.
_____

## **ORDER OF PARTIAL DISMISSAL**

This matter comes before the Court upon periodic review of the file and Plaintiff's Motion to Extend Time for Service on Unserved Defendants (Doc. #62) and Motion for Proper Service of Summons on Defendants Duryea and Pugh (Doc. #63) filed August 6, 2008. Plaintiff, Joe Wayne Johnson, who is proceeding *pro se* and is incarcerated within the Florida Department of Corrections*,* initiated his action by filing a Civil Rights Complaint Form pursuant to 42 U.S.C. § 1983 ("Complaint," Doc. #1) on January 1, 2007 (Doc. #1). Plaintiff seeks compensatory and punitive damages, as well as declaratory relief for the alleged constitutional violations committed by the Defendants sometime during 1999. Complaint at 10.[1]

---

[1] The page numbers referenced herein are to the page of the identified document as it appears on the Court's case management electronic computer filing system.

The facts according to the Complaint can be summarized as follows.  On April 8, 1999, Mike Corbin, an informant, falsely told Florida Department of Law Enforcement ("FDLE") agents that he purchased two grams of cocaine from Plaintiff at the Eagle's Club. Id. at 9.  Defendant Audrey L. Jones, an FDLE agent, claimed to have visually and audibly monitored Corbin during this transaction.  Id. Based upon Defendant Jones' testimony that she monitored the transaction, Jones obtained a search warrant for Plaintiff's home. Id.   The  search warrant ultimately led to Plaintiff's arrest and conviction for which Plantiff is currently incarcerated.² Id. at 9. Statewide prosecutor, Brian Pugh, admitted there was never "an audio, and therefore, [sic] inaudible to statement Audrey Jones gave." Id. at 9.  Plaintiff states that, 7 ½ years later, Corbin recanted his testimony and admitted to Attorney Grogoza that he placed the 2 grams in the Eagle's Club himself.  Id. at 10.  Plaintiff claims that the search warrant Jones obtained, which led to Plaintiff's conviction, was illegal because it was based on Jones' perjured testimony.  Id. at 9.  To the extent discernable, Plaintiff claims that FDLE agents Finley, Rose and Gaconi also testified to the perjured testimony by Jones.  Id.

On March 27, 2007, the Court *sua sponte* dismissed the Complaint pursuant to Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) (Doc. #9).

---

²According to the Florida Department of Corrections, Plaintiffs' current incarcerations stem from Plaintiffs' convictions in Collier County case no. 9901360.

On March 6, 2008, the United State Court of Appeals for the Eleventh Circuit vacated the Court's judgment and remanded the case for further proceedings (Doc. #20). Consequently, the Court directed service of Plaintiff's Complaint upon the named Defendants. See May 28, 2008 Order of Court (Doc. #25). As of the date of this Order, service of process was effectuated upon Defendants the Florida Department of Law Enforcement, John Gaconi and Vince Wiener. See Docket entries dated June 2, 2008 (Doc. #38) and Notice of Appearance filed on June 25, 2008 (Doc. #54). Service of process has not been effectuated upon Defendants Steve Emerson, Audrey L. Jones, Brian Pugh, Dan Duryea, Brain Finley, Peggy Duffala, Cindy Wooldrige Baer, Ciro Dominguez and Andy Rose. Plaintiff seeks additional time within which to effectuate service upon these unserved Defendants and requests that the Court direct personal service upon Defendants Duryea and Pugh.

Prior to the Court expending judicial resources and directing personal service upon the unserved Defendants, the Court will review the Complaint pursuant to the Prison Litigation Reform Act, to determine whether the action is "frivolous, malicious, or fails to state a claim upon which relief can be granted; or seeks monetary relief from a defendant who is immune from such relief." See 28 U.S.C. § 1915(A)(a), (b)(1), (b)(2). In essence, § 1915(A) is a screening process to be applied *sua sponte* and at any time during the proceedings. In reviewing a complaint, however, the courts must apply the long established rule that *pro se* complaints are to be

liberally construed and held to a less stringent standard than pleadings drafted by attorneys. Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007). And, the court views all allegations as true. Brown v. Johnson, 387 F.3d 1344, 1347 (11th Cir. 2004).

A case is deemed frivolous where the complaint lacks any arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); see also Mitchell v. Brown & Williamson Tobacco Corp., 294 F.3d 1349 (11th Cir. 2002); Bilal v. Driver, 251 F.3d 1346 (11th Cir. 2001). Frivolous claims are those that describe "fantastic or delusional scenarios." Bilal at 1349. The Court recognizes that generally it is preferable to serve a *pro se* complaint before dismissing it as frivolous under § 1915A(b)(1). Williams v. Secretary for the Department of Corrections, 131 Fed. Appx. 682, 686 (11th Cir. 2005). Nonetheless, when the Court finds from the "face of the complaint . . . that the factual allegations are clearly baseless or that the legal theories are indisputably meritless" the Court may dismiss the suit without further delay since such suits "unduly burden the courts, obscure meritorious claims, and require innocent parties to expend significant resources in their defense." Id. (quotations and citations omitted); Nietzke 490 U.S. at 327; Denton v. Hernandez, 504 U.S. 25, 32 (1992); Bilal, 251 F.3d at 1349.

The standard governing Federal Rule of Civil Procedure 12(b)(6) dismissals apply to dismissals under § 1915(e)(2)(ii). Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008); Mitchell v. Carcass, 112 F.3d 1483, 1490 (11th Cir. 1997). Section 1915(e)(2)(ii) is

-4-

identical to the screening language of § 1915A.  Thus, a complaint is subject to dismissal for failure to state a claim if the facts as plead do not state a claim for relief that is plausible on its face. <u>Bell Atlantic Corp. v. Twombly</u>, 127 S. Ct. 1955, 1968-69 (2007)(abrogating <u>Conley v. Gibson</u>, 355 U.S. 41 (1957)).  While a plaintiff is not required to provide detailed factual allegations, plaintiff's pleading "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  <u>Twombly</u> at 1964-65.  Additionally, the court may dismiss a case when the allegations in the complaint on their face demonstrate that an affirmative defense bars recovery of the claim.  <u>Marsh v. Butler County, Ala.</u>, 268 F.3d 1014, 1022 (11th Cir. 2001). As this is a § 1983 action, the initial inquiry must focus on the presence of two essential elements:

> (1) whether the person engaged in the conduct complained of was acting under color of state law; and (2) whether the alleged conduct deprived a person of rights, privileges or immunities guaranteed under the Constitution or laws of the United States.

<u>Griffin v. City of Opa-Locka</u>, 261 F.3d 1295, 1303 (11th Cir. 2001).

Here, Plaintiff alleges that FDLE agents Audrey Jones, Brian Finley, Andy Rose and John Gaconi obtained a search warrant, which was based on information provided by Corbin that these Defendants knew was false. Defendant Pugh apparently prosecuted Plaintiff knowing there was not an audio-tape of the transaction, which led to the search warrant.  The Complaint is completely devoid of any allegations of constitutional wrongdoing by Defendants Steve Emerson,

Dan Duryea, Peggy Duffala, Cindy Wooldrige (Baer) and Ciro Dominguez. In fact, these Defendants names appear only in the caption of the Complaint and/or in the section of the Complaint in which Plaintiff is asked to identify the names and addresses of the Defendants. See Complaint Caption and Section V of Complaint at 6-7. "While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong." Douglas v. Yates, ___ F.3d ___, 2008 WL 2875804 *4 (11th Cir. July 28, 2008)(internal quotations and citations omitted). Consequently, "a complaint will be held defective if it fails to connect the defendant with the alleged wrong." Id. (internal quotations and citations omitted). Thus, the Court will dismiss the Complaint without prejudice for failure to state a claim against Defendants Steve Emerson, Dan Duryea, Peggy Duffala, Cindy Wooldrige (Baer) and Ciro Dominguez. The Court will permit Plaintiff additional time to effectuate service upon Defendants Jones, Finley, Rose and Pugh.

Accordingly, it is now

**ORDERED**:

1. Defendants Steve Emerson, Dan Duryea, Peggy Duffala, Cindy Wooldrige (Baer) and Ciro Dominguez are **DISMISSED** without prejudice from this action pursuant to 28 U.S.C. § 1915 (e)(2)(B)(ii).

2. The Clerk shall correct the caption accordingly, but withhold entry of judgment as to these Defendants pending Plaintiff

filing an amended complaint or an adjudication of the action as a whole.  <u>See</u> Fed. R. Civ. P. 54.

3.   Plaintiff's Motion to Extend Time for Service (Doc. #62) is **GRANTED** to the extent that the Court will direct service of Plaintiff's Complaint on Defendants Jones, Finley, Rose by separate Order of Court if Plaintiff obtains a current address for these unserved Defendants.

4.   Plaintiff's Motion for Proper Service of Summons (Doc. #63) is **DENIED as moot** in light of Defendant Duryea's dismissal and the Court's August 1, 2008 Order re-directing service upon Defendant Pugh (Doc. #58).

**DONE AND ORDERED** in Fort Myers, Florida, on this   21st   day of August, 2008.

JOHN E. STEELE
United States District Judge

SA: hmk
Copies: All Parties of Record